1  DAVID J. RIVERS
2  Nevada Bar #0384
   LEAVITT, SULLY & RIVERS
3  601 E. Bridger Avenue
   Las Vegas, NV 89101
4  Telephone: (702) 382-5111
   Email: djr@lsrlaw.net
5  *Attorneys for W. Leslie Sully, Jr.,Chtd. Profit Sharing Plan*

6

7                    UNITED STATES DISTRICT COURT

8                          DISTRICT OF NEVADA

9

10  IN RE:                          )   CASE NO.:   2:10-cv-00779-JCM-PAL
11                                  )
    STEVEN D. MOLASKY,              )   Bankruptcy Case No. BK-S-08-14517-MKN
12                                  )
                    Debtor.         )   Adversary No. 08-01246-MKN
13  W. LESLIE SULLY, JR., CHTD.     )
14  PROFIT SHARING PLAN,            )
                                    )   **DECISION AND ORDER**
15              Appellant,          )
                                    )
16  v.                              )
                                    )
17                                  )
                                    )
18  STEVEN D. MOLASKY,              )
                                    )
19              Appellee.           )
20  _____ )

21         This appeal is from an order dismissing intervening plaintiff, W. Leslie Sully, Jr., Chtd.,

22  Profit Sharing Plan, supported by a memorandum decision, entered May 13, 2010 by the

23  Bankruptcy Court for the District of Nevada, in Adversary No. 08-01246-MKN.

24                          **Background**

25         Steven D. Molasky ("Molasky") filed a voluntary chapter 11 petition on May 3, 2008

26  ("bankruptcy proceedings").  Molasky's bankruptcy filing failed to list the W. Leslie Sully, Jr.,

27  Chtd. Profit Sharing Plan ("Sully Plan") as a creditor.  Molasky failed to serve the Sully Plan

28

Law Offices
Leavitt, Sully & Rivers
601 East Bridger Avenue
Las Vegas, Nevada 89101
(702) 382-5111
Facsimile (702) 382-2892

1   notice of the petition in the bankruptcy proceedings and, instead, sent notice to: "W. Leslie Sully

2   c/o OneCap Funding Corporation, 5440 West Sahara Avenue, Las Vegas, Nevada 89146".

3
    Molasky did not provide notice to the Sully Plan of the deadline for filing proofs of claim ("POC
4
    deadline") or the deadline for filing complaints pursuant to 11 USC §523 ("523 deadline").  By
5
6   stipulation, filed in the bankruptcy proceedings, Molasky stipulated to allow the Sully Plan's

7   Proof of Claim, filed later than the POC deadline, to be justifiable and properly filed.

8        On the 523 deadline, August 11, 2008, One Cap Holding Corporation, a Nevada

9   corporation ("OneCap") filed a complaint commencing the adversary proceeding from which

10  this appeal was taken.  The subject matter of the complaint included a note and deed of trust

11  defined as the "Ellington Note" and the "Ellington Deed of Trust."  The Sully Plan and
12
13  Augustine C. Bustos ("Bustos") were, by assignment, owners of a portion of the Ellington Note

14  and beneficiaries under the Ellington Deed of Trust securing the Note.

15       On October 31, 2008, an order was entered allowing Bustos to intervene in the adversary

16  proceeding with all rights and remedies as those granted to OneCap as they pertained to any and

17  all claims of Bustos against Molasky, but prohibiting Bustos from filing a separate complaint

18  therein.
19
         On May 11, 2009, an order was entered allowing OneCap's attorneys to withdraw.
20
21  Thereafter, on June 4, 2009, OneCap failed to appear at a calendared scheduling conference; and

22  order was entered on June 15, 2009 requiring OneCap to show cause why OneCap should not be

23  dismissed for failure to obtain counsel to prosecute the adversary proceeding.  OneCap failed to

24  appear and show cause and on July 21, 2009, an order was entered dismissing the adversary

25  proceeding solely as to OneCap.
26
         Thereafter, Molasky moved to dismiss Bustos from the adversary proceeding and on
27
28  September 28, 2009 an order was entered dismissing Bustos.  Prior to the order dismissing

Law Offices
Leavitt, Sully & Rivers
601 East Bridger Avenue
Las Vegas, Nevada 89101
(702) 382-5111
Facsimile (702) 382-2892

2

1  Bustos, however, through a stipulation and order signed in April, 2009, the Sully Plan and

2  Molasky agreed to allow Sully to join the adversary proceeding as a plaintiff, effective

3  immediately. The stipulation and order was entered on August 14, 2009 ("August 14[th] order").

4
5  Following the dismissal of Bustos, on November 9, 2009, Molasky moved to dismiss the

6  Sully Plan. On May 13, 2010, the bankruptcy court entered an order dismissing the Sully Plan

7  from the adversary proceeding.

8  At no time between the dismissal of OneCap and the entry of the order dismissing the

9  Sully Plan, did the bankruptcy court enter an order dismissing the adversary proceeding in its

10  entirety. The bankruptcy court retained subject matter jurisdiction over the adversary case.

11  OneCap and Bustos were dismissed as parties only. It was not until entry of the order dismissing

12  the Sully Plan that a final, appealable order was entered.

13

14  ### Discussion

15  The order allowing Bustos to intervene specifically granted Bustos all rights and

16  remedies of OneCap under its complaint, but prohibited Bustos from filing his own complaint in

17  the adversary proceeding. The stipulation and order through which the Sully Plan was admitted

18  as a plaintiff contained no such limitations. The agreement language of the August 14th order

19  allowed the Sully Plan to enter the adversary proceeding as a plaintiff.

20
21  Upon entry of the August 14th order, beginning on August 14, 2009, the Sully Plan was

22  the plaintiff in the proceedings with full right and authority to prosecute its claims in the

23  adversary proceeding. With the entry of the Sully Plan as plaintiff, Bustos remained a viable

24  Intervenor.

25  Unlike the situations presented in the cases of *Fuller v. Volk*, 351 F.2d 323 (3rd. Cir.

26  1965) and *Benavidez v. Fong Eu*, 34 F.3d 825 (9th Cir. 1994), the Sully Plan was ordered

27  admitted as a party plaintiff to the adversary action before the dismissal of Bustos. The

28  adversary proceeding was no longer dependent upon OneCap as the party plaintiff. The Sully

Law Offices
Leavitt, Sully & Rivers
601 East Bridger Avenue
Las Vegas, Nevada 89101
(702) 382-5111
Facsimile (702) 382-2892

3

1  Plan was then and thereafter authorized to define the parameters of the adversary proceeding and

2  to prosecute its' claims.

3

4  The adversary proceeding underlying this appeal and the bankruptcy court's subject

   matter jurisdiction survived the dismissal of OneCap as a plaintiff.  At all times until the

5  dismissal of the Sully Plan, the bankruptcy court and the parties treated the adversary proceeding

6  as an open case.  Before the dismissal of Bustos, as an intervenor, the bankruptcy court entered

7  the August 14th order allowing the Sully Plan to intervene as a plaintiff.  With the entry of the

8  Sully Plan as plaintiff in the adversary proceeding, there was no basis for the dismissal of either

9  Bustos as an Intervenor, or the Sully Plan as a plaintiff.

10

11  Therefore,

12  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders and the

13  memorandum decisions supporting same of September 28, 2005 and May 13, 2010 respectively

14  are hereby reversed; and it is

15  FURTHER ORDERED, ADJUDGED AND DECREED that the matter is remanded to

16  the bankruptcy court for further proceedings consistent with this decision and order.

17

18  DATED this 23rd ___ day of December, 2010.

19

20  _____
    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

Law Offices
Leavitt, Sully & Rivers
601 East Bridger Avenue
Las Vegas, Nevada 89101
(702) 382-5111
Facsimile (702) 382-2892

4